CITY OF PHILADELPHIA; William J. Green, Individually and as Mayor of the City of Philadelphia; Marilyn McGinty; Curtis Owens; Rudy J. Arzon; Cecilia M. Yep; and John and Mary Doe, Individually and as class representatives; William H. Gray, III, Individually and as a member of the United States House of Representatives; Max Pievsky, Individually and as a member of the House of Representatives of the Commonwealth of Pennsylvania; Joseph F. Smith, Individually and as a member of the Senate of the Commonwealth of Pennsylvania

v.

Philip M. KLUTZNICK, Secretary of the United States Department of Commerce; Vincent P. Barabba, Director of the United States Bureau of the Census; United States Department of Commerce; Bureau of the Census, An agency within the United States Department of Commerce; Porter S. Rickley, Regional Director of the Philadelphia Region of the Bureau of the Census of the United States Department of Commerce; Thomas Heuring, District Manager for the 1980 Philadelphia Census.

Civ. A. No. 80–3172.

United States District Court,
E. D. Pennsylvania.

Sept. 18, 1980.

John E. Flaherty, Jr., Asst. City Sol., Philadelphia, Pa., for plaintiffs.

Alphonse M. Alfano, U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is plaintiffs' oral motion for a preliminary injunction directing the defendants, or their representatives, to meet with the plaintiffs and review the plaintiffs' data allegedly revealing gross errors in the 1980 census in Philadelphia.[1] The plaintiffs' instant motion was raised on the first day of a hearing on plaintiffs' previously filed motion for a preliminary injunction seeking the relief set forth in their complaint. *See* Complaint at 18–19. As the record stands at this time, the oral motion must be denied.

The plaintiffs—the City of Philadelphia, its mayor and several elected representatives and individual citizens–seek a range of declaratory and injunctive relief from the defendants, all of whom are responsible, directly or indirectly, for the execution of the 1980 census in Philadelphia by the Bureau of the Census ("Census Bureau"). The complaint alleges that in Philadelphia the Census Bureau has drastically undercounted the population and miscounted the number of vacant housing units. Asserting that such a failure violates the plaintiffs' rights to equal legislative representation and due process of law and must be set aside as arbitrary and capricious, the plaintiffs seek ultimate relief including: (1) an injunction against reporting any statistics from Philadelphia until such statistics are corrected (presumably by comparison with the data which the defendants would be directed to review under the preliminary injunction sought in the instant motion); and, (2) a "declaratory judgment" that the defend-

ants must use an adjustment factor to correct for the historical undercount of various segments of Philadelphia's population. Complaint at 19, 22.

Whether to grant or deny plaintiffs' oral motion for a preliminary injunction is a matter within the sound discretion of the trial court. *See Penn Galvanizing Co. v. Lukens Steel Co.*, 468 F.2d 1021, 1023 (3d Cir. 1972); 11 C. Wright & A. Miller, *Federal Practice & Procedure*, § 2948, at 427–428 (1973). In determining whether to issue a preliminary injunction, the trial court must weigh and consider four factors: (1) whether the plaintiffs will suffer irreparable harm *pendente lite* if relief is not granted; (2) whether the defendants will be harmed if relief is granted; (3) whether the public generally will be harmed if relief is granted; and, (4) whether the plaintiffs are likely to ultimately prevail on the merits. *Fitzgerald v. Mountain Laurel Racing, Inc.*, 607 F.2d 589, 600–601 (3d Cir. 1979). An examination of the present record reveals that the plaintiffs' oral motion must be denied.

■ Turning first to the matter of the likelihood of irreparable harm, the Court has not been shown that the denial of relief *pendente lite* will render the Court unable to grant the ultimate relief sought. Specifically, the record gives no indication that this Court would be effectively unable to enforce an order requiring the Census Bureau to correct its final statistics in Philadelphia. The plaintiffs have argued that the closing of the Census Bureau's two offices in Philadelphia and the release of the staff in those offices will destroy the possibility for effective relief because all of the personnel and data needed to review the plaintiffs' comments and criticisms will have disappeared. However, the defendants have assured this Court, through sworn affidavits and the representations of

---

1. The significance of the "oral" motion is as follows: Plaintiffs' original moving papers seek a preliminary injunction. They seek broad discovery (presumably to build their case for a preliminary injunction). Because the issue of justiciability looms large in the Court's view, the Court has exacted from defendants appro-

priate assurances to preserve the status quo of the records of the Census Bureau and has directed prompt briefing and argument on the threshold issue of justiciability. Plaintiffs, nevertheless, want their preliminary injunction *now*–on the *present* record. This Memorandum speaks to that request.

counsel on the record, that both the data and any personnel required could be provided if the Court eventually should so order.[2] The record, as developed to date, reveals no reason why such assurances are insufficient to protect the interests of the plaintiffs pending the outcome of this lawsuit.

■ Second, the defendants will clearly suffer substantial harm if relief is granted at this time. An order now directing the Census Bureau to meet with the plaintiffs and review their data would impede and delay the long–scheduled and orderly processing of the raw census data. Such an impediment should not be imposed lightly. In view of the lack of any showing on the present record of irreparable harm to the plaintiffs, an order by the Court directing the relief sought here and causing such delay is unwarranted.

■ Third, the public interest militates against issuing a preliminary injunction now. It cannot be doubted that the public has a strong interest in the timely and orderly completion of the census. An order of this Court compelling the Census Bureau to remove personnel from their regular assignments in processing the raw census data and to reassign them to review at length the plaintiffs' data, before the plaintiffs have established any *right* to have the Census Bureau correct its data, would indeed be directly opposed to that public interest.

■ Finally, the plaintiffs have not shown a reasonable probability of ultimate success on the merits. It is not enough to show the Court that the plaintiffs' data is accurate and varies greatly from that of the defendants. The plaintiffs must also show that they have a *right* to challenge the accuracy of the census. The Court has yet to hear argument on the many difficult and novel legal issues involved in this general question. At this stage, however, the Court strongly doubts the ability of the plaintiffs to establish a right to challenge the Census Bureau's execution of its legislatively mandated duties, as long as the actions taken do not violate any statute or administrative regulation determining the procedures to be followed by the Census Bureau. The plaintiffs have yet to assert any such specific violation. In view of the serious doubts the Court has at this time concerning the right of the plaintiffs to any relief, the Court concludes that there has not been shown a sufficient likelihood of success on the merits. *See Spencer Companies, Inc. v. Armonk Indus., Inc.,* 489 F.2d 704 (1st Cir. 1973) (unlikelihood of ultimate success on the merits based in part on presence of novel issues of law); 11 C. Wright & A. Miller, *Federal Practice & Procedure,* § 2948 at 455 (1973).

For all of the above reasons, the Court must deny the plaintiffs' oral motion for a preliminary injunction at this time. It should be made plain, however, that the Court does not now decide the plaintiffs' earlier motion for a preliminary injunction seeking the relief outlined in the complaint. *See* Complaint at 18–19. When the hearing on that motion resumes, the Court will hear further argument and receive evidence. The plaintiffs, thus, still have an opportunity to present arguments and evidence showing that the relief sought in that motion is necessary to preserve the status quo.[3]

---

**2.** Indeed, the plaintiffs were apparently entitled to challenge the preliminary census figures in a ten–day period following the announcement of the preliminary count for Philadelphia, but were then unprepared to offer the Census Bureau the data that they now have. They now seek to have the defendants review that data by way of this motion. In view of the plaintiffs' argument that it has long been generally understood that the census undercounted urban areas, *see* Complaint, ¶¶ 53, 54 at 20, the Court does not understand why the plaintiffs waited so long to assemble and present their data. They knew many months before the preliminary figures were announced by the Bureau that the census figures historically show an undercount and would likely do so in 1980 *and* they would only have ten days to furnish their data. With these two facts known by the plaintiffs, there is no excuse for their being unprepared when the time came to act.

**3.** The Court also notes that the relief sought by the plaintiffs in the instant oral motion appears a peculiarly inappropriate means to prevent the irreparable harm foreseen by the plaintiffs in this motion. The purpose of a preliminary in-

## ORDER

AND NOW, TO WIT, this 18th day of September, 1980, IT IS ORDERED as follows:

1. The Court's Order of August 29, 1980, is hereby *modified* as follows:

(A) The Census Bureau is *directed* to maintain one open office in Philadelphia staffed with sufficient personnel to respond to the plaintiffs' general inquiries.

(B) While the Census Bureau shall be required to provide a response to any submission made to it which was "invited" by the Census Bureau, by reason of the policies and procedures it announced or established to carry out its functions, the Census Bureau shall have the right, but shall be under *no obligation*, to act upon any information or data submitted by the plaintiffs regarding the accuracy of the census conducted in Philadelphia until such time as the Court so orders.

(C) The affidavits submitted to the Court by the defendants pursuant to the Court's Order of August 20, 1980, are hereby *approved* as providing the adequate assurance sought by the Court, but only with regard to that information sought by the plaintiffs which would be contained on the master address lists.

(D) Defendants shall file a sworn affidavit with the Clerk of Court *on or before September 22, 1980*, for the Court's approval. The affidavit shall provide the Court with adequate assurances that the census questionnaires for Philadelphia shall be preserved and maintained so as to be readily available to the plaintiffs should the Court vacate the stay of discovery.

2. Leave is hereby granted to the plaintiffs to depose Thomas Heuring, district manager for the 1980 Philadelphia census. The deposition shall be strictly limited to the specific area of inquiry defined by the Court at the hearing of September 3, 1980.

3. The plaintiffs' oral motion made at the hearing of September 3, 1980, for leave to depose George E. Hall, Rex L. Pullin and Vincent P. Barabba is hereby *denied without prejudice*.

4. The plaintiffs' oral motion made at the hearing of September 3, 1980, to vacate the Court's Order of August 20, 1980, staying discovery is hereby *denied without prejudice*, except as provided in ¶ 2 of this Order.

5. The plaintiffs' oral motion made at the hearing of September 3, 1980, for a preliminary injunction directing the defendants or their representatives to meet with plaintiffs or their representatives in order to review the plaintiffs' data challenging the accuracy of the census conducted in Philadelphia is hereby *denied without prejudice*, on the ground that, on the present record, the plaintiffs have not made the showing required for the issuance of a preliminary injunction, as discussed in the accompanying Memorandum.

junction is merely to preserve the status quo, pending the final decision on the merits, where necessary to enable a court to grant effective permanent relief. 11 C. Wright & A. Miller, *Federal Practice & Procedure*, § 2947 at 423 (1973). The instant oral motion, however, seeks an order directing the Census Bureau to meet with plaintiffs and review the plaintiffs' data. Such request appears designed not so much to preserve the Court's ability to grant ultimate relief as to *provide* the plaintiffs the ultimate relief they seek.